IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KIRKLAND DISTRIBUTORS, LLC,

    Plaintiff,

v.                                      CIVIL ACTION NO. 2:26-cv-00027

KENNETH MCCLELLAN, et al.,

    Defendants.

## ORDER TO SHOW CAUSE

    This matter is assigned to the Honorable U.S. District Judge Thomas E. Johnston, and is referred to the undersigned "for total pretrial management and submission of proposed findings of fact and recommendations for disposition" pursuant to 28 U.S.C. § 636(b)(1). (ECF No. 3 at 3). On January 13, 2026, Defendant Citizens Telecom Services Company LLC ("Telecom LLC") filed a *Notice of Removal*, removing this civil action to this Court from the Circuit Court of Wood County, West Virginia, pursuant to 28 U.S.C. § 1441. (ECF No. 1).

    Notably, the jurisdictional basis for removal asserted by Defendant Telecom LLC rests upon diversity of citizenship under 28 U.S.C. § 1332. *Id.* at 3. In support of its assertion that the Plaintiff is diverse in citizenship from the Defendants, Telecom LLC asserts, *inter alia*, that Plaintiff Kirkland Distributors, LLC ("Kirkland LLC") "is a West Virginia [limited liability company] LLC with its principal place of business located in

Wood County, West Virginia." *Id.* at 4. Additionally, Telecom LLC asserts that it is "a Delaware LLC, with its principal place of business located in the State of Connecticut." *Id.* Defendant Telecom LLC asserts that, "[f]or the purpose of diversity jurisdiction, a corporation shall be deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

It is well-established, however, that an LLC is not a corporation, but a distinct type of legal entity subject to a different standard for purposes of determining its citizenship under 28 U.S.C. § 1332. *See Jennings v. HCR ManorCare Inc.*, 901 F. Supp. 2d 649, 653 (D.S.C. 2012) ("It is well-established that an LLC is not a corporation and is not considered a citizen of its state of incorporation and principal place of business."); *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 354 (4th Cir. 2020) (explaining that "[s]ection 1332(c)(1) governs the citizenship of only 'true blue' corporations"); *Meyn Am., LLC v. Omtron USA LLC*, 856 F. Supp. 2d 728, 733 (M.D.N.C. 2012) (finding Delaware LLC's recitation of its principal place of business in its notice of removal was "irrelevant for diversity purposes, since [the defendant] is a limited liability company whose citizenship is based on the citizenship of its members").

"For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all of its members." *Jennings*, 901 F. Supp. 2d at 651 (citing *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011)). *See also Chalpin Realty SC LLC v. Jersam Realty Inc.*, 24-1971, 2025 WL 3654605, at *1 (4th Cir. Dec. 17, 2025). "Thus, an LLC's members' citizenship must be traced through however many layers of members there may be." *Jennings*, 901 F. Supp. 2d at 651 (citing *Gen. Tech. Apps., Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004)). *See also Rockwell Mining, LLC v. Pocahontas Land LLC*, 2:20-cv-00487, 2020 WL

2

7489758, at *2 (S.D. W. Va. Dec. 21, 2020) ("For purposes of diversity jurisdiction, the citizenship of a limited liability company turns not on its place of formation or its principal place of business but on the citizenship of all of its members.").

Pursuant to this standard, Defendant Telecom LLC's jurisdictional allegations are insufficient and based upon a misunderstanding of applicable law. As the U.S. Supreme Court stated, "[i]t is a fundamental precept that federal courts are courts of limited jurisdiction," constrained to exercise subject-matter jurisdiction *solely* pursuant to the authority conferred by Article III of the Constitution and affirmatively granted by federal statute. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978); *see also In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject-matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337, 327 (1895)). Federal courts therefore have an "independent obligation" to investigate the limits of its subject-matter jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). As such, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3).

As the Court explained in *Rockwell Mining*, "the burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist." *Rockwell Mining, LLC*, 2020 WL 7489758, at *2 (citing *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999)). "A party fails to demonstrate diversity jurisdiction, and the court must dismiss the case, where the record does not inform the court of the citizenship of each of the parties."

3

*Rockwell Mining, LLC*, 2020 WL 7489758, at *2 (citing *Passport Health, LLC v. Avance Health Sys., Inc.*, 823 F. App'x 141, 154 (4th Cir. 2020)).

The same principles generally apply when the action is in federal court by operation of removal from state court pursuant to 28 U.S.C. § 1441(b). *See Fenton v. Food Lion, Inc.*, 2002 WL 1969662, at *3 (W.D. Va. Aug. 23, 2002) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). In fact, the standard is even more strict when the matter is in federal court by removal, as "removal jurisdiction raises a significant federalism concern, because the removal of civil cases to federal court infringes upon state sovereignty." *Fenton*, 2002 WL 1969662, at *2 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). Further, in light of the federal courts' limited jurisdiction and the "clear intention" of Congress "to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction," the "clear and undisputed rule [is] that removal statutes must be strictly construed *against* removal." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993); *Castle v. Laurel Creek Co.*, 848 F. Supp. 62, 65 (S.D. W. Va. 1994) (emphasis in original). The defendant's notice *must*, therefore, set forth the grounds for removal. 28 U.S.C. § 1446(a)-(b); *see also Contreras v. Thor Norfolk Hotel, LLC*, 292 F. Supp. 2d 794, 798 (E.D. Va. 2003) (explaining that the defendant LLC's notice of removal adequately "set forth enough information for the Court to determine that complete diversity exists"). Consequently, absent an adequate showing of diversity of citizenship by the defendant, Congress expressly provided that "[i]f at *any time* before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*." 28 U.S.C. § 1447(c) (emphasis added).

Generally, a defendant must make "a timely cure" by amending its defective notice of removal "within the thirty-day period provided for in 28 U.S.C. § 1446." *P-Nut Carter's Fireworks, Inc. v. Carey*, 685 F. Supp. 952, 953 (D.S.C. 1988) (finding that the defendant's removal notice was defective and remanding the action to state court). *See also Wood v. Crane Co.*, 764 F.3d 316, 322 (4th Cir. 2014) (*Nutter v. New Rents, Inc.*, 90-cv-2493, 1991 WL 193490, at *2 (4th Cir. Oct. 1, 1991)). Defendant Telecom LLC represents that it received a copy of the *Complaint* on January 7, 2026. (ECF No. 1 at 3). Based upon this representation, it appears the time for the Defendant to cure its defective *Notice* has not expired.

Accordingly, **IT IS ORDERED** that Defendant Telecom LLC must amend its defective notice of removal or otherwise show cause why this matter should not be dismissed for lack of subject-matter jurisdiction by no later than **4:00 p.m. EST** on **Monday, February 9, 2026**. <u>**Failure to comply with the directives of the instant order will result in the undersigned's recommendation to the presiding U.S. District Judge that this civil action be dismissed**</u>.

**IT IS SO ORDERED**.

The Clerk of Court is **DIRECTED** to transmit a copy of this Order to counsel of record and any unrepresented party.

ENTERED: January 15, 2026

_____
Dwane L. Tinsley
United States Magistrate Judge